UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :   **MEMORANDUM & ORDER**
         v.                                                 :   20-CR-293 (WFK)
                                                            :
MCKOY LIMA,                                                 :
                                                            :
                     Defendant.                             :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 19, 2022, Defendant McKoy Lima ("Defendant") entered a plea of guilty to Count 19 of a 20-count Superseding Indictment, charging Defendant with assault in-aid-of racketeering, in violation of New York Penal Law ("NYPL") §§ 120.05(2) and 20.00 and 18 U.S.C. §§ 1959(a)(3) and 2. Plea Agreement ¶ 1, ECF No. 351. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 108 months of imprisonment, to be followed by three years of supervised release with special conditions. Defendant is required to pay a mandatory special assessment of $100.00.

## I.    Background

The Federal Bureau of Investigation ("FBI") and the New York City Police Department ("NYPD") led the investigation into Defendant and other gang members for the instant offense. Presentence Investigation Report ("PSR") ¶ 4, ECF No. 583. Defendant was an associate of Folk Nation Gangster Disciples ("GD"), a violent street gang operating out of Brooklyn, New York. *Id.* ¶¶ 4, 37. Central to GD's tenets is the use of violence to retaliate against perceived slights to the gang or to enhance the status of members within the gang. *Id.* ¶ 4.

On November 9, 2020, Defendant participated in a carefully orchestrated drive-by shooting in Brooklyn, New York. *Id.* ¶ 22. Two cars were used in the shooting – one car to carry the shooters and another to act as a decoy. *Id.* Both cars drove to the Brownsville neighborhood of Brooklyn, where occupants of the shooter car began shooting into a crowd,

1

striking one woman in the shoulder and grazing her back. *Id.* The two cars then returned to GD territory. *Id.* Defendant drove the decoy car in this shooting. *Id.*

On August 10, 2021, FBI agents arrested Defendant without incident. *Id.* ¶ 36.

On August 4, 2021, a grand jury returned a 20-count Superseding Indictment, which alleges Defendant was an associate of GD. ECF No. 51 ¶¶ 1, 8. According to the Superseding Indictment, GD is an "enterprise" as defined by 18 U.S.C. § 1959(b)(2) that engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(l) and 1961(1). *Id.* ¶¶ 4-5.

Defendant was charged with four counts in the Superseding Indictment: Count 10 charges Defendant with conspiracy to murder rival gang members, in violation of NYPL §§ 125.25(1) and 105.15 and 18 U.S.C. §§ 1959(a)(5) and 2; Count 18 charges Defendant with attempted murder in-aid-of racketeering, in violation of NYPL §§ 125.25(1), 110.00, and 20.00 and 18 U.S.C. §§ 1959(a)(5) and 2; Count 19 charges Defendant with assault in-aid-of racketeering, in violation of NYPL §§ 120.05(2) and 20.00 and 18 U.S.C. §§ 1959(a)(3) and 2; and Count 20 charges Defendant with possessing, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(l)(A)(i)-(iii) and 2. Superseding Indictment ¶¶ 24-25, 39-43, ECF No. 51. The Superseding Indictment also contains a criminal forfeiture allegation as to all counts. *Id.* ¶¶ 44-45.

On September 19, 2022, Defendant entered a plea of guilty to Count 19 of the Superseding Indictment. Plea Agreement ¶ 1, ECF No. 351. As part of his plea agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of imprisonment of 151 months or below. *Id.* ¶ 4.

## II. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. Family and Personal Background

Defendant was born on January 5, 1995 in Brooklyn, New York to John W. Lima and Yole Basile. PSR ¶ 63. Defendant's father was incarcerated for much of Defendant's youth, serving time for Bank Fraud and Receipt of Stolen Vehicles convictions. *Id.* ¶¶ 63, 65. As a result of Defendant's father's incarceration, Defendant's parents separated when Defendant was

3

eight or nine years old. *Id.* ¶ 63. Defendant's mother eventually remarried, and Defendant's mother, stepfather, and father are all aware of the instant offense and supportive of Defendant. *Id.*

Defendant is currently engaged to Felani Powell, whom he has known since childhood and with whom he intends to reside upon release. *Id.* ¶ 68. Ms. Powell has two children from a previous relationship. *Id.* Defendant also has one son from a previous, six-year relationship. *Id.* ¶ 69. Defendant's son, who is in elementary school, lives in Palm Beach, Florida with his mother. *Id.* Prior to his arrest for the instant offense, Defendant spoke to his son on a weekly basis. *Id.*

### 2. Educational and Employment History

Defendant attended Sunset Park High School in Brooklyn, New York through the 11th grade. *Id.* ¶ 75. Defendant left school after his son was born. Defendant did not graduate. *Id.*

Defendant reported assisting his mother with her catering business prior to his arrest. *Id.* ¶ 78. Defendant also participated in the Summer Youth Employment Program administered by the City of New York. *Id.* Defendant reported no other previous employment. *Id.*

### 3. Prior Convictions

Defendant has one prior state court conviction for criminal sale of a controlled substance in the third degree. *Id.* ¶ 55. According to the PSR, Defendant admitted to selling crack cocaine to undercover officers in 2015. *Id.* Defendant was sentenced to one year of incarceration for this offense. *Id.*

### 4. Physical and Mental Health

Defendant is in good physical health and reported no mental health issues. PSR ¶¶ 72-73.

### 5. Substance Abuse

The PSR notes Defendant smoked marijuana daily prior to his arrest, but otherwise has no history of drug use. *Id.* ¶ 74. Defense counsel requests the Court recommend drug treatment for Defendant while incarcerated, noting he "start[ed] abusing drugs as a teenager." Defense Sentencing Memorandum ("Def. Mem.") at 10, ECF No. 757.

> 6.      Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.      The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved participation in a carefully planned drive-by shooting in which a woman was injured. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

**C.      The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count 19 of the Superseding Indictment, charging him with assault in-aid-of racketeering, in violation of NYPL §§ 120.05(2) and 20.00 and 18 U.S.C. §§ 1959(a)(3) and 2.  Plea Agreement ¶ 1.

This offense carries a maximum term of imprisonment of 20 years and no minimum term of imprisonment.  18 U.S.C. § 1959(a)(3).  Defendant also faces a maximum term of supervised release of three years.  18 U.S.C. § 3583(b)(2).  If a condition of release is violated, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision.  18 U.S.C. § 3583(e).  Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for a term of probation of not less than one nor more than five years.  If a term of probation is imposed, a fine, restitution, or community service must be imposed, unless extraordinary circumstances exist.  18 U.S.C. § 3563(a)(2).

Defendant faces numerous other penalties.  Defendant faces a maximum fine of $250,000.00.  18 U.S.C. § 3571(b)(3).  However, Defendant's financial profile indicates he is unable to pay a fine.  PSR ¶ 83.  The Court is required to impose a mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013(a)(2)(A).  Count 19 is also subject to forfeiture allegations.  *See* Superseding Indictment ¶¶ 44-45.  Pursuant to 18 U.S.C. § 3663A, Defendant also faces mandatory restitution in this case.  However, the amount of restitution is not determinable yet as the Court is still awaiting responses from Defendant's victims.  PSR ¶ 94.  Pursuant to the rule of *United States v. Catoggio*, 326 F.3d 323 (2d Cir. 2003), restitution should not be ordered when losses incurred by the victim are not identified.  The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine the specific amounts owed to Defendant's victims.

### D.    The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

6

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guidelines provision for Count 19 is U.S.S.G. §2E1.3(a)(2), which directs that the base offense level is the offense level applicable to the underlying crime or racketeering activity, since it is greater than level 12. As the underlying crime is attempted murder, the applicable Guidelines provision is U.S.S.G §2A2.1(a)(1), which provides for a base offense level of 33. *See* PSR ¶ 44; Plea Agreement ¶ 2.

Defendant's timely acceptance of responsibility results in a three-level reduction pursuant to U.S.S.G. §3E1.1, resulting in a total adjusted offense level of 30. PSR ¶¶ 51-53. All parties agree with these calculations. *Id.* ¶¶ 44, 51-53; Def. Mem. at 5-6; Government Sentencing Memorandum ("Gov't Mem.") at 3, ECF No. 765; *see also* Plea Agreement ¶ 2.

Defendant's prior criminal conviction results in a criminal history score of two. U.S.S.G. §§4A1.1(b), 4A1.2(e)(2). This establishes a criminal history category of II. U.S.S.G. §5A. A criminal history category of II and a total offense level of 30 result in a Guidelines sentencing range of between 108-135 months. *Id.* All parties agree with these calculations. PSR ¶¶ 56-57, 85; Gov't Mem. at 3; Def. Mem. at 5; *see also* Plea Agreement ¶ 2.

The parties' recommendations as to an appropriate sentence vary.

The U.S. Probation Department ("Probation") recommends a sentence of 108 months of imprisonment followed by three years of supervised release with special conditions. Probation Recommendation at 1, ECF No. 583-1. Probation argues a sentence of 108 months is warranted because the "instant offense is a violent offense, and the complete and utter disregard for human life demonstrated by recklessly shooting into a crowd out of gang allegiance warrants harsh

punishment and necessitates deterrence." *Id.* at 2.  Probation further recommends Defendant be excused from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).  *Id.*

The Government recommends a Guidelines sentence of between 108 and 135 months of imprisonment.  Gov't Mem. at 1, 3.  The Government argues a Guidelines sentence "takes into account the extraordinary seriousness of the defendant's offense," which involved "play[ing] a critical role in a premeditated and calculated effort to murder random individuals for no purpose other than defending the gang's honor." *Id.* at 3.  The Government also argues a Guidelines sentence would serve a deterrent purpose, both for Defendant specifically, who has a prior criminal conviction which, the Government argues, "clearly had no deterrent effect," and for others who might consider engaging in gang violence.  *Id.* at 3-4.  Finally, while the Government acknowledges the "hardship the defendant faced growing up with an incarcerated father," it argues "those circumstances in no way justify the defendant's choices to not only associate with a notoriously violent street gang but also to play a key role in a gang-related shooting of innocent members of the community." *Id.* at 4.  Thus, the Government contends, a Guidelines sentence appropriately accounts for "the history and characteristics of the defendant." *Id.*

Defense counsel requests a downward variance from the Guidelines range.  Def. Mem. at 6.  At sentencing, defense counsel suggested 84 months of imprisonment would be an appropriate sentence.  Defense counsel argues that an "individual assessment that considers Mr. Lima's character and background, including his lack of guidance as a youth and similar circumstances, familial responsibilities, and the aberrant nature of his conduct, supports a non-guideline sentence." *Id.*  Defense counsel argues the "Guidelines fail to include critical factors about Mr. Lima's background." *Id.*  Specifically, defense counsel asks the Court to factor in (1) Defendant's father's incarceration, which "cost [Defendant] essential support and guidance," *id.*

at 8, (2) Defendant's commitment to rehabilitation for his drug and alcohol abuse, *id.* at 10, (3) his commitment to education and vocational training, *id.*, (4) the effect Defendant's incarceration will have on his minor children, *id.* at 11, (5) the remorse expressed by Defendant for the instant offense, *id.*, and (6) the "hardship inmates have endured and continue to endure since the pandemic," *id.* at 12.

The Court has read and considered the letters submitted by Defendant's family and friends. ECF Nos. 757-1, 766-1. These letters describe Defendant as a family man with integrity and a strong moral compass, who has changed considerably since his arrest for the instant offense. *Id.* Defendant's fiancée explains Defendant "now values his family and the small things in life more than he did in the past." ECF No. 757-1 at 6. Since his incarceration, she has observed Defendant's "language has improved" as well as his "thoughts and speech" and he has demonstrated a willingness to live a law-abiding life. *Id.*

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

### E.    Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation notes that an upward departure may be warranted pursuant to Application Note 2 in the Commentary to U.S.S.G. §2A2.1 because Defendant's offense created a substantial risk of death or serious bodily injury to more than one person. PSR ¶ 97; *see also* Plea Agreement ¶ 2. Finding no other applicable policy statements, the Court proceeds to the next § 3553(a) factor.

### F.    The Need to Avoid Unwarranted Sentence Disparities

9

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G.     The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

As explained previously, restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine the specific amounts owed to Defendant's victims.

## CONCLUSION

For the reasons set forth above, the Court imposes a sentence of 108 months of imprisonment; three years of supervised release with both the standard conditions of supervised release and special conditions; and the mandatory $100.00 special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Presentence Investigation Report, ECF No. 583, as corrected herein, to the extent those findings are not inconsistent with this opinion and imposes the standard and special conditions of release proposed by Probation.

**SO ORDERED.**



HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2024
Brooklyn, New York

11